IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KATY LINK,**

        **Plaintiff,**

v.                                            Civil Action No. 3:11cv810

**WALTER RAY SALMON, et al.,**

        **Defendants.**

## MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS AND BRIEF IN SUPPORT

Comes now the Plaintiff, by counsel, and moves the court for an extension of time in which to serve Defendants Walter Ray Salmon, TCT Recovery, and Carolina's Best Title Loans, and in support of her motion states the following:

1. This action was filed on December 7, 2011.

2. Despite knowing that Plaintiff was represented by counsel, and despite knowing of the pendency of this action, Carolina's Best Title Loans has continued engaging in misconduct, including the involvement of new actors, and the resulting creation of new claims and parties.

3. Some of the new claims fall under a state consumer protection law that provides that Plaintiff not commence such new claims until at least thirty days after the facts and circumstances of any such claims had been filed in writing with the administrator of the Department of Consumer Affairs. S.C. Code Ann. § 37-5-180(6).

4. Plaintiff made that filing and has amended her Complaint to add new factual and legal claims.

5. Plaintiff filed her First Amended Complaint on March 27, 2012. Docket No. 4.

6. Plaintiff's Rule 4(m) deadline to serve the original Defendants expires on April 5, 2012.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE THE UNSERVED DEFENDANTS**

**Standard of Review**

Rule 4(m) provides in relevant portion the following:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The summons and complaint must be served within 120 days after the complaint is filed. However, if the plaintiff is able to show "good cause" why process could not be served within those 120 days, the district court must extend the time for service. If "good cause" is not shown, the district court must either dismiss the lawsuit without prejudice or, in its discretion, direct that service be accomplished within a specified time.

The plaintiff bears the burden of proving that "good cause" exists to excuse a delay in service of process. Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007); Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 521 (6th Cir. 2006); Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir. 1994). No fixed guidelines define "good cause". Sidney v. Wilson, 228 F.R.D. 517, 522 (S.D.N.Y. 2005). Whether "good cause" exists is a matter committed to the sound discretion of the trial court. See Sidney v. Wilson, 228 F.R.D. 517, 522 (S.D.N.Y. 2005). Good cause requires reasonable and diligent efforts to effect service within the 120-day limit. United States of America v. Sea Bay Development Corp., 2007 U.S. Dist Lexis 33734 (E.D. Va. 2007).

Courts distinguish between justified delay ("good cause") and excusable neglect. Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002). As to the former, justified delay, the district court *must* grant a plaintiff an extension for "an appropriate period" when good cause is shown. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007); United States v. McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006).

Dismissals under this Rule for failure to timely serve process are made without prejudice. Betty K Agencies, Ltd. V. M/V MONADA, 432 F. 3d 1333, 1342 n.5 (11th Cir. 2005); Bann v. Ingram Micro, Inc., 108 F.3d 625, 626 (5th Cir. 1997). Defendants' campaign of collection misconduct began on or about May 8, 2011, as set forth in the Amended Complaint. The seizure of the Plaintiff's vehicle took place on February 2, 2012. The FDCPA has a one year statute of limitations. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.") Plaintiff would refile if her case is dismissed.

## ARGUMENT OF LAW

As shown by the First Amended Complaint, Carolina's Best Title Loans continued a course of creditor and debt collection misconduct into February, 2012, adding new actors all the while. Plaintiff has completed the statutorily required notice process with the pertinent South Carolina department. She has added new parties and is now in the position to have all parties before the court and attempt to obtain complete relief in one proceeding. Plaintiff has acted with due diligence. She requests sixty days to serve her First Amended Complaint. She requests this amount of time, admittedly a long by Rocket Docket standards, in part because she anticipates difficulty serving Defendant Walter Ray Salmon, whose residence address in Tennessee has been reported on the internet as not being valid. (Update on Walter Ray Salmon, Nov 9th 2010: An

investigator was sent to the address Salmon listed as his residence and office. The address he listed, 603 Blue Springs Road, Elizabethton, TN 37643, is bogus and no posting of number 603 could be found on Blue Springs Road.

http://www.ripoffreport.com/loans/t-c-t-recovery-walte/t-c-t-recovery-walter-ray-s-f6e8e.htm, last visited March 27, 2012).

## CONCLUSION

Plaintiff respectfully requests that the Court grant her an extension until sixty days after the entry of an order granting her leave to serve Defendants. Were the Court not to grant Plaintiff's request, she could file a new lawsuit against the Defendants at any time up through May 7, 2012, *i.e.* within one year from the date of the telephone call described in Paragraph 25 of the First Amended Complaint. The granting of her request would result in a more efficient utilization of the Court's resources.

>                             Respectfully submitted,
>                             Katy Link
>                             By Counsel

   /s/
By: Dale W. Pittman, VSB#15673
Counsel for Shawna Taylor
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com